## LAHEY *v.* KORTRIGHT *et al.*[1]

(*Superior Court of New York City, General Term.* March 5, 1889.)

TRUSTS—APPOINTMENT OF TRUSTEE—POWER OF SALE.

     A will appointed a trustee to hold the share of one of the devisees, with power of sale. The trustee named not taking, the court appointed a trustee to execute the trust. Afterwards the trustee so appointed resigned, and the court appointed another trustee, the order reciting that he was "to hold the share set apart," etc. *Held*, that the power of sale was but an incident of the trusteeship, and accompanied it, though not referred to in the order.

Appeal from special term.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*John M. Bowers,* for appellant. *Samuel Jones,* for respondent.

PER CURIAM. This action was begun to relieve the plaintiff from the obligation of a written contract, made by him and defendants, and by which the former was to buy, and the latter to sell, certain real estate. On the trial the plaintiff maintained that the defendants had no power to sell so much of the real estate as they held as trustees. The learned court held with the plaintiff in this respect, grounding its decision upon the construction of two orders of the supreme court appointing the defendants trustees. As these orders were of similar tenor, it is necessary to advert but to one of them. It recited that on reading and filing the petition, etc., praying that Lawrence M. Kortright be appointed trustee under the will of Nicholas G. Kortright, deceased, to hold the share set apart for the benefit of said Gouverneur Kortright, and to be held in trust for his benefit, etc., it is ordered that the said Lawrence M. Kortright be, and he hereby is, appointed such trustee upon, etc. The construction given below to this order was that Kortright was appointed as trustee solely to hold the share, and therefore that the order gave no power to sell it. It was competent, however, for the purpose of construction, to look at the whole of the record which ended in this order. From that record it appeared that the will of a former owner had appointed a trustee to hold the share, and for other purposes, with power of sale. The trustee named not taking, the supreme court appointed a trustee to execute the trust of the will. Afterwards the trustee so appointed resigned, and the trustee named in the order now examined was appointed, as appears by that order.

On the whole record, the object of the proceedings appears to have been to

[1] Reversing 2 N. Y. Supp. 230.

substitute some one in the place of the one named in the will, without a purpose of dividing the powers that the will had provided. As the trustee had a power of sale under the will, the trustee named in the order had the same power. The expression "to hold" the share of Gouverneur Kortright was used, not as a description of power, but of necessity, in order to identify the trusteeship or office, as, under the will, there were trusts as to other shares like that of Gouverneur Kortright, excepting that they were for the benefit of other persons. The power of sale was but an incident of the trusteeship, and accompanied that. The words "to hold" might have been supplaced by the words "of the share," etc.

There are in the case other questions. The argument at the bar was so shaped that it is proper to determine this appeal by a consideration of the construction of the order. The judgment is reversed, and a new trial granted, with costs to abide the event.