### LAHEY *v.* KORTRIGHT *et al.*

*(Superior Court of New York City, General Term.   June 27, 1890.)*

COSTS—EXTRA ALLOWANCE.

In an action by a purchaser of land to be relieved from his contract, in which it is adjudged that he take title to and pay $36,300 for certain of the premises, property

of the value of $36,300 is the "subject-matter involved," within the meaning of Code Civil Proc. N. Y. § 3253, providing that an additional allowance for costs of a sum not exceeding 5 per cent. of the value of the subject-matter involved, may be made "in a difficult and extraordinary case, where a defense has been interposed," and, it appearing that there had been two trials and one appeal, there was no error in granting defendant an extra allowance of $800.

Appeal from jury term.

Action by Francis Lahey against Gouverneur Kortright and others, brought to relieve plaintiff from the obligation of a contract to purchase land from defendants. There was judgment for defendants, and plaintiff appeals therefrom, and also from an order giving defendants an extra allowance. For former reports, see 2 N. Y. Supp. 230, 4 N. Y. Supp. 626. Code Civil Proc. N. Y. § 3253, provides for an additional allowance for costs "in a difficult and extraordinary case, where a defense has been interposed in any action," to an amount "not exceeding the five per centum upon the sum recovered or claimed or the value of the subject-matter involved."

Argued before FREEDMAN and TRUAX, JJ.

*James F. Malcolm,* for appellant. *Platt & Bowers,* for respondents.

TRUAX, J. It is unnecessary for us to discuss the points raised by appellant on the appeal from the judgment, as they were determined against appellant on a former appeal. 4 N. Y. Supp. 626. It was adjudged by the trial court that plaintiff should specifically perform his contract to take title to, and pay the sum of $36,300 for, two certain pieces of property, which pieces of property it was alleged in one of the affidavits used on the motion for an extra allowance were worth said sum. The trial judge granted an allowance of $800. We are of the opinion that property of the value of $36,300 was the "subject-matter involved," (Code Civil Proc. § 3253,) and as the amount allowed was less than 5 per cent. of this amount, and as there had been two trials and one appeal to the general term, we cannot say that the trial judge erred in granting the allowance. Judgment and order appealed from affirmed, with costs.